UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                       Case No. 17-cr-20531

v.                                  Hon. Bernard A. Friedman

D-5, PARIS HILL,

      Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE AND TO APPOINT COUNSEL (ECF NO. 270) AND GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME (ECF NO. 280)**

This matter is before the Court on a motion to reduce sentence and to appoint counsel filed *pro se* by defendant Paris Hill.  (ECF No. 270).  The government has filed a response in opposition.  (ECF No. 276).  Hill has also filed a motion for extension of time, as well as a reply in support of his motion for sentence reduction. (ECF Nos. 279, 280).  The Court does not believe oral argument will aid in the resolution of these motions and shall not hold a hearing.  E.D. Mich. LR 7.1(f)(1). For the reasons that follow, the motion to reduce sentence and to appoint counsel, (ECF No. 270), is denied and the motion for extension of time, (ECF No. 280), is granted in part and denied in part.

1

Hill was convicted following a bench trial of conspiracy to possess with intent to distribute controlled substances and being a felon in possession of a firearm.  He was sentenced on each count to 120 months; the terms are set to run concurrently. (ECF No. 207).  The Court of Appeals affirmed the conviction, (ECF No. 241), and Hill was granted several extensions to his self-surrender date.  In March 2022, Hill submitted a motion for resentencing and early release, citing his underlying health conditions and the risks posed by the COVID-19 pandemic.  (ECF No. 252).  The Court denied the motion, finding that the threat to his health was not so severe as to constitute extraordinary and compelling circumstances, that he had declined to be vaccinated against COVID-19, and that the factors in 18 U.S.C. § 3553(a) did not support early release, particularly where Hill had served only a small fraction of his sentence.  (ECF No. 262).  In January 2023, Hill filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (ECF No. 263).  The Court denied that motion as well, finding that it was untimely and that he had not demonstrated entitlement to equitable tolling.  (ECF No. 269).

Hill has now filed a document titled "motion to reduce sentence 18 U.S.C. 3582(c)(1)(A), extraordinary and compelling reasons, 1B1.13, commentary application note 1(d) & motion to appoint counsel 18 U.S.C. 3006A."  (ECF No. 270).  He again cites to his underlying health conditions and also urges that he has maintained a clear disciplinary record while incarcerated and completed various

2

educational and vocational programs.  (*Id.*, PageID.2391-92).  He states that upon release he "has feasible living residence with his Wife" and "adequate employment working at the family business[,] Hill's Brothers Trucking."  (*Id.*, PageID.2392). Attached to the motion is a response, dated January 25, 2023, from the staff at FCI Texarkana to Hill's request to be considered for home confinement.  (*Id.*, PageID.2402).    The response indicated that Hill met the criteria for home confinement under the First Step Act as a result of his diabetes and asthma, but also indicated that he had a pending charge with the 36th District Court for failure to appear which rendered him ineligible. (*Id.*).  Hill also attaches what appears to be a receipt (dated January 24, 2023) from the 36th District Court and a detainer action letter (dated August 16, 2022) addressed to the 36th District Court with various handwritten notes, including one that appears to state that a case has been closed. (*Id.*, PageID.2403-04).  Hill seeks a reduction of his sentence to time served and home confinement with GPS ankle monitoring.  (*Id.*, PageID.2393).

The government opposes the motion, urging that Hill has continued to refuse the COVID-19 vaccine, that he presents almost identical medical issues to those raised in his first motion, that the BOP is addressing each concern, that the Court was aware of Hill's issues at the time he was sentenced, and that nothing has occurred to change the assessment of the factors in 18 U.S.C. § 3553.  (ECF No. 276, PageID.2428).  The government further urges that Hill neglected to include the

BOP's response to his most recent request for compassionate release.  According to

the government, "[i]n its August 2, 2023, response, the BOP determined Hill didn't

meet the minimum eligibility requirements for compassionate release."  (*Id.*,

PageID.2430).  "In so finding, the BOP noted that all of the medical issues raised by

Hill were identified in the Pretrial Services Report; Hill has not been diagnosed with

a terminal illness; and Hill is not experiencing deteriorating mental or physical

health."  (*Id.*) (citing (ECF No. 277-4)).  The government also notes that contrary to

his assertion, Hill does not have an unblemished disciplinary record, but that he has

been cited for refusal to come to pill lines, refusal to follow medical staff orders,

insolence towards staff members, and refusal to complete a work or program

assignment.  (*Id.*, PageID.2432) (citing ECF No. 277-3)).

Hill seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Under that provision, the Court "may reduce the term of imprisonment . . . after

considering the factors set forth in section 3553(a) . . . if it finds that – (i)

extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. §

3582(c)(1)(A)(i).  In this instance, the Court does not find any extraordinary and

compelling reasons and does not believe that a consideration of the factors in §

3553(a) would support a reduction in sentence at this time.

First, in this motion Hill points to many of the same medical conditions

(diabetes, asthma, hypertension, and nerve damage) identified in his previous

motion.  The Court denied the earlier motion because the threat posed to his health was not severe enough to constitute extraordinary and compelling circumstances. (ECF No. 262, PageID.2355-56).  The same conclusion applies to the present motion.  This is true notwithstanding the Sentencing Commission's recently amended policy statement which expanded the medical circumstances of the defendant that could constitute an extraordinary and compelling reason to justify early release.  U.S.S.G. § 1B1.13(b)(1).  Hill has not demonstrated that he is suffering from a terminal illness, a serious condition that substantially diminishes his ability to provide self-care and from which he is not expected to recover, a condition that requires specialized care that is not being provided, or any of the other factors enumerated in the amended policy statement.  Furthermore, although Hill has provided evidence that in January 2023, BOP staff found that because of his diabetes and asthma he could meet the criteria for home confinement, (ECF No. 270, PageID.2402), the government has demonstrated that when he was evaluated in August 2023, BOP staff considered several of his underlying health concerns and determined that he was *not* eligible for compassionate release or sentence reduction, (ECF No. 277-4, PageID.2445).

Second, contrary to his assertion that he "has maintained [a] clear disciplinary" record, (ECF No. 270, PageID.2392), he has been sanctioned multiple times while incarcerated, (ECF No. 277-3, PageID.2444).  The Court is particularly

surprised to see that he was cited for refusing to come to the morning pill line after being counseled by the medical staff given his professed concern for his health conditions.  (*Id.*).  While the Court commends any efforts he has made towards completion of educational and vocational programs and other rehabilitation, his disciplinary record at this time does not support his assertion that he has been a model inmate.

After receiving the mandatory minimum, Hill has served only a fraction of his sentence, has not maintained a clean record while incarcerated, and has presented the Court with no information that would constitute an extraordinary and compelling reason to justify modification of his sentence.  Nor does the Court believe that reduction in his term of imprisonment at this stage would promote respect for the law, afford adequate deterrence, or provide Hill with the needed educational and correctional treatment.  *See* 18 U.S.C. § 3553(a).

Although the title of Hill's motion indicates that he seeks the appointment of counsel pursuant to 18 U.S.C. § 3006A, he offers no argument or rationale in support of this request in the body of the motion.  (ECF No. 270, PageID.2390). Accordingly, it appears that he has abandoned it.  But even if he had not abandoned it, the Court would deny the request.  Hill is "not entitled to counsel to litigate his compassionate-release motion, and he demonstrated sufficient ability to represent himself in this fairly uncomplicated case." *United States v. Sykes*, No. 21-1709,

2022 WL 1462466, at *3 (6th Cir. Mar. 15, 2022) (citing *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (*per curiam*); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)).

On January 4, 2024, Hill also filed a document titled "motion for extension of time to appoint counsel to reply to government's response to defendant's motion to reduce sentence." (ECF No. 280).  Indicating that he recently received notice of the motion to withdraw filed by his earlier counsel, that he was unaware of the prior appointment, and that the government previously sought and received an extension of time to respond to *his* motion, Hill seeks an extension of time and the appointment of counsel in order to reply to the government's response. (*Id.*).  On January 5, 2024, Hill filed a *pro se* reply to the government's opposition.  (ECF No. 279).

In so far as Hill seeks an extension of time to file a reply in support of his motion for compassionate release, the Court exercises its discretion to grant the request.  In so far as Hill seeks the appointment of counsel, the request is denied for the reasons stated above.

Although the Court will consider Hill's reply, it does not alter the Court's determination that his motion for compassionate release must be denied.  First, he urges that vaccines are not entirely effective against the COVID-19 virus. (ECF No. 279, PageID.2446-47).  But the Sixth Circuit has unequivocally stated that "if an inmate does not present a compelling reason justifying the failure to be vaccinated

7

despite access to the vaccine, a district court would abuse its discretion by granting

a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that

COVID-19 constitutes an extraordinary and compelling justification." *United States*

*v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  Hill has provided no particularized or

otherwise compelling reason not to receive a vaccine, other than the generally

accepted wisdom that vaccines are of course not 100% effective.  Second, he urges

that with regard to his disciplinary record, the infractions noted by the government

are "minor" and that he has even been transferred to "a federal Honor Camp" based

on his minimum security level and clear record.  (ECF No. 279, PageID.2447).  Be

this as it may, one of his citations was for refusal to come to the pill line for insulin

after having been counseled by medical staff.   (ECF No. 277-3, PageID.2444).

Failure to follow medical directives undermines his professed concern for his

medical condition.  Third, Hill urges that the Court should consider good time credit

when evaluating how much of his sentence he has already served; Hill asserts

(without citation) that it is "over 50%."  (ECF No. 279, PageID.2447).  Again: the

Court commends Hill for the good time credit he has earned, but does not find that

early termination is warranted this soon into the sentence imposed.  Fourth, Hill

repeats his earlier arguments about his rehabilitative efforts.   The Court has

addressed these above.  Finally, Hill urges that because he has no serious violent

criminal history, a stable prospective living situation, and that he is currently allowed

to work unsupervised in the community, he clearly presents no danger to the community and so the 3553(a) factors support early release.  (*Id.*, PageID.2448). But danger to the community is only one of the factors in 18 U.S.C. § 3553(a). Several of the other factors, as detailed above, mitigate against releasing Hill at this time.  Accordingly, it is hereby,

ORDERED that the motion to reduce sentence and to appoint counsel, (ECF No. 270), is DENIED.

IT IS FURTHER ORDERED that the motion for extension of time, (ECF No. 280), is GRANTED IN SO FAR AS Hill is granted leave to file a delayed reply brief in support of his motion for compassionate relief.  It is otherwise DENIED.

**SO ORDERED.**

s/Bernard A. Friedman

Dated: March 18, 2024            Bernard A. Friedman
       Detroit, Michigan            Senior United States District Judge

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 18, 2024.

**Paris Hill**  55955039
MORGANTOWN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MORGANTOWN, WV 26507

s/Johnetta M. Curry-Williams
Case Manager